WATSON WHITE and wife v. R. H. and S. F. SMALL.

A rented of B for "the full term of two years," from and after the 1st day of January, 1874, "Strawberry Hill" farm, at $1,200 a year; the contract was in writing, and contained the following provision, to-wit: " all the cotton seed and manure to be left on the farm, at the termination of the lease;" the contract contained no other provision concerning cotton seed. The cotton raised on the farm was ginned on the premises, as was also other cotton raised elsewhere. The seed from the cotton raised on the farm, and the seed taken as the toll, were so mixed that it could not be ascertained how many of each there was. A abandoned the contract before the expiration of the term, and removed the cotton seed. In an action brought to recover the value of the cotton seed removed by A, : *It was held:*

(1.) That the contract applied only to seed from cotton raised on the premises; and that the use of the gin apssed under the lease; and that the defendant was not liable for the value of the cotton seed taken as toll;

(2.) It not appearing that there was any difference between the value of the cotton seed raised on the farm, and the seed taken as toll, the fact that the defendant had mixed them, so that he was unable to say how many of each there was, did not entitle the plaintiff to the whole, especially where the jury found that there was so many of each, and no objection was raised to the finding of the jury, on the ground that there was no evidence to support it.

This was a CIVIL ACTION, for the recovery of the value of certain cotton seed, tried before EURE, J., at Fall Term, 1875, of CHOWAN Superior Court.

The following are substantially the facts as contained in the statement of the case accompanying the record :

The defendants rented of the plaintiffs, for " the full term of two years " from and after the 1st day of January, 1874, " Strawberry Hill " farm, at $1,200 a year. The contract was in writing, and contained the following, and no other provision, with reference to the matter in dispute: " All the cotton seed and manure to be left on the farm, at the termination of the lease."

The year before, the plaintiffs and defendants had cultivated this farm together, receiving each one-half of all the crops raised, and using the gin on the premises, for the equal benefit of each, and with it ginned the cotton raised, cotton bought by the partners, and also much cotton for the seed as toll.

The plaintiffs left their seed, thus realized, on the premises, and they were used in 1874 by defendants for planting and manure, without charge by the plaintiffs.

The defendants used the " Strawberry Hill " gin in 1874, (run by their own mules,) to gin their crops, and also other cotton for the seed as toll; and of their own will, without the knowledge or consent of the plaintiffs, mixed the cotton seed, realized from every source, in the same common pile, and kept no account of those thus mixed. Some of these seed, two hundred (200) bushels were sold for twenty-five (25) cents per bushel by the defendants; the balance were worth fifteen (15) cents per bushel.

The defendants testified that they believed they had ginned one hundred and fifty (150) bales of cotton at this gin during the season ; but they did not know how much of that was raised on the farm, how much bought, or how much was ginned for toll.

On the —— day of January, 1875, without the fault or consent of the plaintiffs, and without notice to them, the defendants quit the premises and abandoned the lease, carrying

away all the stable manure and cotton seed. Demand was made therefor and refused ; when this action was brought to recover the property or its value, the Sheriff seized twenty-four hundred (2400) bushels of seed.

Upon these facts the plaintiffs argued, and asked the Court to charge, that all the cotton seed from cotton raised, bought or ginned for the toll, which was ginned at Strawberry Hill, belonged to them under the contract. This the Court refused, and charged the jury that the plaintiffs were entitled only to those seed raised on " Strawberry Hill " farm. To this, plaintiffs excepted.

The plaintiffs then asked the Court to charge, that if the defendants had of their own accord, without the knowledge or consent of the plaintiffs, so mixed their seed with the plaintiffs, as that the interest of each could not be distinguished or ascertained, that the seed belonged to them. This charge the Court also refused to give, and the plaintiffs again excepted.

The jury found that thirteen hundred and twenty (1320) bushels of seed were raised on the said farm, and ten hundred and eighty (1080) derived from cotton bought, and that ginned for toll; that two hundred (200) bushels of the whole were worth twenty-five (25) cents per bushel, and the balance, fifteen (15) cents.

The Court thereupon rendered judgment for two hundred and nine (209) dollars, being fifteen (15) cents for twelve hundred and ten (1210) bushels, and twenty-five (25) cents for one hundred and ten (110) bushels.

From this judgment plaintiffs appealed, alleging errors in his Honor's charge.

*Gilliam & Pruden,* for appellants.
No counsel *contra* in this Court.

RODMAN, J.  1. We are of opinion from the terms of the

lease, that the parties had in contemplation only the seed of cotton which should be raised on the premises. The lessees were under no obligation either to gin cotton for toll or to purchase cotton and gin it on the premises for the benefit of the land. The use of the gin for the purposes passed to them by the lease, and they might use it in that way for their own profit if they pleased.

There is no error in the construction which his Honor put on this lease.

2. It is contended for plaintiffs that because defendants intermingled the seed of cotton raised on the premises with that of cotton bought and with that of cotton ginned on toll, the plaintiff thereby became entitled to have the whole of the seed applied as that which was raised on the land was agreed to be. Certainly it was the duty of the defendants to have kept such accounts as would have enabled them to ascertain the quantity of seed which they had contracted to leave on the premises, as distinct from those which they were at liberty to remove. If those which were raised on the premises had been of exceptional value by reason of the particular variety, as is sometimes the case, it would have been their duty to have kept these particular seed separate from all others of a different variety, and any fraudulent intermixture with others would have vested the title to the whole in the plaintiffs. But no such fact appears. For the purpose of manure there is no material difference in the value of the seed of any one variety of cotton over others. And although the defendants testified that they had kept no account and did not know separately how much they had ginned of cotton raised on the premises as distinct from that ginned from other sources, yet there must have been evidence from which the quantity of cotton seed raised on the premises could be ascertained, for the jury do ascertain it without objection for the want of evidence from which conclusion could legitimately be reached.

It could hardly be that data for that purpose, more or less satisfactory, could be entirely wanting. The jury would have been justified in drawing any inferences adverse to the defendants as to the quantity of seed for which they were liable, which they fairly and consistently with the evidence might do, by reason of their admitted default in not keeping an account. This they probably did, and there is no exception on that account.

Taking the whole case together, it sufficiently appears that the Judge was justified in refusing the instruction prayed for on this point, or, at least, it does not appear that he erred in refusing it.

PER CURIAM.                    Judgment affirmed.